# EXHIBIT A

**BRENNAN S. KAHN, ESQ.** (SBN 259548)
**GOWRI CHEEPURUPALLI, ESQ.** (SBN 361787)
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
1001 Wilshire Boulevard
Los Angeles, California 90017
Email: bkahn@ejlglaw.com; gcheepurupalli@ejlglaw.com

Attorneys for Plaintiff, Dustin Kaplan

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/14/2025 9:01:13 AM
Clerk of the Superior Court
By M. Schwenke    ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DUSTIN KAPLAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER WELL HOME HEALTH, INC., a California Corporation; HUMANA INC., a Kentucky Corporation; and DOES 1 - 20, inclusive,<br><br>Defendants. | **Case Number:** 25CU055180C<br><br>**COMPLAINT FOR:**<br><br>(1) Disability Discrimination;<br>(2) Failure to Reasonably Accommodate;<br>(3) Failure to Engage in a Prompt, Good Faith Interactive Process;<br>(4) Retaliation in Violation of FEHA;<br>(5) Failure to Take All Reasonable Steps to Prevent and/or Remedy Discrimination and/or Retaliation;<br>(6) Wrongful Termination in Violation of Public Policy; and<br>(7) Failure to Rehire on Account of Disability and/or Engagement in Protected Activities in Violation of FEHA.<br><br>**Jury Trial Demanded** |

Plaintiff, Dustin Kaplan ("Plaintiff"), hereby alleges as follows:

/ / /

/ / /

/ / /

-1-
COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     Plaintiff has exhausted his administrative remedies by the timely request of a Right to Sue notice from the California Civil Rights Division within three years of the events alleged herein.

3.     This Court has jurisdiction over all Defendants because, based on information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.     Plaintiff, Dustin Kaplan ( Plaintiff"), is and at all times relevant hereto was a resident in the County of San Diego, in the State of California.

6.     Defendant, Center Well Home Health, Inc. ("CENTER" or collectively "Defendant"), was and is, upon information and belief, a California corporation doing business within the State of California as itself and as Humana Inc., and whose employees are engaged in commerce throughout this County and the State of California.

7.     Defendant, Humana Inc., ("HUMANA" or collectively "Defendant"), was and is, upon information and belief, a Kentucky Corporation doing business within the State of California as itself an as Center Well Home Health, Inc., and whose employees are engaged in commerce throughout this County and the State of California.

8.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1–20 but prays for leave to amend and serve such fictitiously names

Defendants pursuant to *California Code of Civil Procedure* § 474, once their names and capacities become known.

9. Plaintiff is informed and believes, and thereon alleges, that DOES 1–10 are the partners, joint ventures, parent companies, owners, shareholders, or managers or employees of Defendants and, therefore, were acting on behalf of Defendants.

10. CENTER, HUMANA and DOES 1–20 will hereafter be collectively referred to as "Defendants."

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences, or transactions alleged herein.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the Acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of Defendants were in accordance with and represent the official policy of Defendants.

13. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein (both named and DOE Defendants 1-20) was the expressly and/or implicitly authorized agent, business-entity agent, servant, employer, partner, joint venturer, integrated enterprise, joint employer, business-entity employer, authorized agent, contractor, contractee, partner, division owner, subsidiary, principal, division, alias, successor in interest, and/or alter ego with and/or of each of the remaining Defendants and was, at all times material hereto, acting within the purpose and scope of such agency, servitude, partnership, employment, integrated enterprise, contract, venture, ownership, subsidiary, principal, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each remaining Defendant sued herein.

14. At all times herein mentioned, Defendants, and each of them, including DOES 1–20, ratified each and every act or omission complained of herein, and/or committed such actions themselves on behalf of themselves and/or, with authorization, on behalf of each other. At all times herein mentioned, the Defendants, and each of them, engaged in acts alleged herein as the employer and/or as an authorized business-entity employer (as defined by California *Government Code* §12925(d)), and/or,

COMPLAINT FOR DAMAGES

1     at a minimum, aided and abetted the acts and omissions of each and all the other Defendants, in either

2     actually and/or proximately causing the damages herein alleged. Likewise, at all times herein mentioned,

3     Defendants, and each of them, aided and abetted the acts and omissions of each and all the other

4     Defendants in actually and/or proximately causing the damages herein alleged.

5

6     **FACTUAL ALLEGATIONS**

7     15.     Defendant, inclusive of CENTER and its alter-ego HUMANA, provides in-home

8     healthcare services to patients in the city of San Diego and the state of California at large. At all relevant

9     times, Defendant, whether each entity individually or both collectively, was and is an employer with

10     over 15,000 employees, including hundreds within this County alone.

11     16.     On or around May 1, 2025, Defendant hired Plaintiff as Home Health Sales Executive.

12     As a Home Health Sales Executive, Plaintiff was placed at Defendant's San Diego office, located at

13     2525 Camino del Rio, Suite #220, San Diego, CA 92108. After becoming temporarily disabled almost

14     immediately after being hired, and being perceived to need accommodations at the time and in the future,

15     Defendant immediately discriminated against and/or retaliated against Plaintiff by wrongfully

16     terminating Plaintiff within weeks of his hiring based on his actual or perceived disabilities, and the

17     actual or perceived need to accommodate Plaintiff at the time and in the future.

18     17.     As a Home Health Sales Executive for Defendant, Plaintiff would have had to identify

19     potential clients, generate leads, conduct client meetings, prepare sales presentations, and promote

20     Defendant's brand. A majority of Plaintiff's workplace duties could be conducted remotely and

21     stationarily, with the exception of client visits. Had Plaintiff not been wrongfully terminated by

22     Defendant as soon as he became actually and/or perceived to be disabled, Plaintiff would have and could

23     have performed all of these duties and responsibilities, including the essential functions of his role and/or

24     job title with Defendant, competently and to Defendant's satisfaction.

25     18.     Upon extending Plaintiff's employment offer on or around May 1, 2025, Defendant

26     notified Plaintiff he would begin his role as a Home Health Sales Executive on or around May 19, 2025.

27     19.     On or around May 10, 2025, Plaintiff suffered an injury to his heel outside of work.

28     Shortly thereafter, on or around May 13, 2025, Plaintiff visited a medical provider and was notified that

he had fractured his right heel and was provided restrictions that prevented him from participating in weightbearing activities. At all times, the effect of this injury, including its effect in limiting his ability to engage in major life activities, made Plaintiff physically disabled as defined under California law.

20.     Upon receiving his diagnosis, Plaintiff immediately notified Defendant of his injury and his restrictions via email, thereby placing Defendant on formal notice of his disability and the need for reasonable accommodations, including the ability to work remotely temporarily, modified work duties, time off from work, a modified work schedule or any other reasonable accommodations which may have been considered, requested by Plaintiff or offered by Defendant to Plaintiff had a prompt, good faith interactive process ever been had. In response, Defendant pushed Plaintiff's start date to on or around May 27, 2025. Defendant also reassured Plaintiff that a solution would be figured out.

21.     On or around May 15, 2025, Defendant sent Plaintiff an accommodation form to fill out by May 16, 2025. As a result, later that day, Plaintiff visited his medical provider whom filled out the accommodation form, placing Plaintiff on temporary restrictions of no weight bearing, excessive walking and/or driving for about 12 weeks. Plaintiff's medical provider also indicated that, if possible, it would be beneficial for the Plaintiff to receive a 12-week delay from the start date. Plaintiff was also instructed to use crutches and/or a knee scooter to avoid excessive movement. Plaintiff sent the accommodation form, with all of this information, back to Defendant right away, thereby formally placing Defendant on further notice of his status as physically disabled, while, again, requesting reasonable accommodation in the form of these restrictions, these doctor recommendations and/or any other accommodations which may have been considered, requested by Plaintiff or offered by Defendant to Plaintiff had a prompt, good faith interactive process ever been had.

22.     A little less than a week later, on or around May 21, 2025, Defendant discriminated and/or retaliated against Plaintiff by wrongfully terminating Plaintiff and/or refusing to hire him. Specifically, Defendant communicated that it would not delay his start date, it would not accommodate him and that it was revoking its job offer under the false pretext of "undue hardship and inability to perform job functions." Although it was effectively admitted to, it was clear that Defendant decided to wrongfully terminate Plaintiff, or refuse to follow through with hiring him, solely based on his status as perceived to be or actually temporarily physically disabled and his requests for reasonable accommodations.

COMPLAINT FOR DAMAGES

23.     The same day, on or around May 21, 2025, Plaintiff responded to Defendant's wrongful termination of him and/or its failure to hire him with an extensive email explaining how he should be allowed to keep his job, and that his disabilities were not a reasonable ground to wrongfully terminate him as he could easily be accommodated and perform his job as required to Defendants satisfaction. However, the next day, Defendant doubled down on its discriminatory and/or retaliatory conduct, confirming that it would not hire or re-hire Plaintiff, and that his offer for employment had been revoked. Thereafter, a few more days later, Plaintiff received his first and "last paycheck" from Defendant for three hundred and twenty one dollars ($321), thereby once again confirming his wrongful termination and Defendant's refusal to re-hire him despite the opportunity to do so.

24.     At all times, in wrongfully terminating Plaintiff, Defendant discriminated against Plaintiff on the basis of his actual or perceived physical disability, retaliated against him on the basis of his requests for reasonable accommodations and/or retaliated against him on the basis of his complaints of not being reasonably accommodated. Whether at the time of making the decision to wrongfully terminate him, or at any time prior to making the decision to wrongfully terminate Plaintiff, at no time did Defendant warn Plaintiff that he was at risk for being terminated, nor did Defendant engage in any kind of interactive process, no less one which was prompt or conducted in good faith, to determine whether Defendant could continue to accommodate Plaintiff's restrictions rather than wrongfully terminating him. Thus, at all times, Defendant's rationale for Plaintiff's wrongful termination—e.g. Defendant's so called inability to reasonably accommodate him without suffering undue hardship and his inability to perform the essential functions of the job - was actually a pretext to mask Defendant's discriminatory and/or retaliatory animus and that, in truth, it had wrongfully terminated him and refused to hire or re-hire him on the basis of his actual or perceived disabilities, his requests for reasonable accommodations and/or his complaints of not being accommodated.

25.     At all times, Plaintiff informed Defendant of his physical disabilities and updated it as to his medical status, while also requesting reasonable accommodations and attempting to initiate a good faith interactive process. Likewise, at all times, Defendant could have reasonably accommodated Plaintiff to keep him employed without suffering undue hardship. Consequently, had Plaintiff remained employed with Defendant and had Defendant reasonably accommodated Plaintiff when asked, as it could

have done without suffering undue hardship, Plaintiff could have continued to perform all of the essential functions of his and/or another available position either at the same facility or another one of Defendant's many facilities both at the time and in the future. Moreover, even if, arguably, despite being offered reasonable accommodations, there would have been any instances where Plaintiff still could not have performed any duties for Defendant, Defendant could have provided Plaintiff with a medical leave as a reasonable accommodation without suffering undue hardship so to give Plaintiff time to heal and see if he could return without the need for accommodations or with a need for lesser accommodations. Despite these facts, and that it could have, at all times, reasonably accommodated Plaintiff without suffering undue hardship, Defendant failed to engage in any interactive process with Plaintiff and failed to reasonably accommodate him as it was obligated to do under California law.

26.     At all times, Defendants' conduct, as described above, was enacted through its managing agents maliciously, fraudulently and in total disregard and oppression of Plaintiff's rights and welfare. As a result of these circumstances, Plaintiff has been damaged economically by the loss of both her current and future employment, benefits, and income with Defendants, as well as other opportunities for income and/or benefits, in addition to harm to her professional reputation. As a direct result of Defendants' conduct, Plaintiff has also been damaged non-economically, including both emotionally and physically, in the past, now and in the foreseeable future. The full extent of Plaintiff's damages, all of which exceed the jurisdictional minimum of this court, will be subject to a matter of proof at trial.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**(Against All Defendants and DOES 1 – 20)**

27.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

28.     At all times relevant to this action, Plaintiff had actual and/or perceived physical disabilities within the meaning of *Government Code* §§ 12926(m) and 12926.1, and the California Fair Employment and Housing Act (FEHA), and at all times hereto, the FEHA was in full force and effect

COMPLAINT FOR DAMAGES

and was binding upon Defendants and each of them.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendant terminated Plaintiff and/or revoked his job offer, refusing to hire him, because of his actual disabilities and/or because it believed him to be disabled, in violation of the FEHA and *Government Code* § 12940(a).

30.     At all times relevant to this action, Defendant was aware of Plaintiff's disabilities and/or medical condition, as set forth above, because Plaintiff had informed Defendant of his disabilities, medical condition, and requests for reasonable accommodation numerous times prior to the conclusion of his employment.

31.     Defendant discriminated against Plaintiff on the basis of his actual and/or perceived disabilities, as described herein, by *inter alia*, failing to hire Plaintiff, refusing to reasonably accommodate him despite the availability of such reasonable accommodations without undue hardship, by not accommodating his known physical work restrictions, by refusing to engage in a good-faith interactive process with him, by applying unlawful policies to Plaintiff, by terminating Plaintiff's employment, at least in part, because of Plaintiff's known disabilities and committing other adverse employment actions against Plaintiff.

32.     Plaintiff's actual or perceived disabilities and/or medical condition(s), whether actual, real and perceived and/or believe to exist in the future, and/or some combination of these protected characteristics under *Government Code* § 12926(j) were, at least, motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned employment actions.

33.     At all times relevant hereto, Plaintiff was either performing or ready, willing, and able to perform the essential duties and functions of his position and/or the positions sought or available. At all times, Plaintiff was qualified and capable of performing the essential functions of his same position or another vacant position with Defendant.

34.     At all times, Defendant knew, or should have known, that the conduct, acts, and failures to act of Defendant and/or Defendant's owners, supervisors, agents, and employees, as described herein above, violated Plaintiff's rights under the law. Likewise, Defendant knew, or in the exercise of reasonable care, should have known, that unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit, discipline, and/or otherwise penalize the conduct, acts, and failures to act

of Defendant and others as described herein, Defendant would have the effect of encouraging, ratifying, condoning, increasing, and/or worsening said conduct, acts, and failures to act, which is, in fact, what resulted.

35.    As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest.

36.    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional and physical injuries, including, but not limited to, personal injuries, physical trauma, emotional distress, emotional trauma, physical manifestations of emotional distress, humiliation, embarrassment, shame, pain and suffering, personal inconvenience, sickness, illness, *etc*. all to Plaintiff's damages in an amount to be shown according to proof.

37.    The conduct of Defendant in discriminating against Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

38.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which he is entitled to recover pursuant to *Government Code* § 12965.

/ / /

## SECOND CAUSE OF ACTION

## FAILURE TO REASONABLY ACCOMMODATE

## (Against All Defendants and DOES 1 – 20)

39. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

40. At all times relevant to this action, Plaintiff had physical disabilities within the meaning of *Government Code* §§ 12926(m) and 12926.1, and the California Fair Employment and Housing Act (FEHA), and at all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

41. At all times, *Government Code* § 12940(m) requires employers to provide an employee with a known disability with a reasonable accommodation for said actual or perceived disability. After being diagnosed with physical disabilities, as described herein, Plaintiff requested reasonable accommodations in the form of physical work restrictions, medical leave and/or other accommodations which may have resulted from a good faith interactive process had one been had. Despite learning of Plaintiff's disabilities, learning of his requests for reasonable accommodations, and being able to accommodate Plaintiff without suffering undue hardship, Defendant failed and refused to accommodate Plaintiff's needs based on his disabilities, and, instead, wrongfully terminated Plaintiff from his employment and refused to re-hire him. In doing so, and failing and refusing to reasonably accommodate Plaintiff, Defendant violated *Government Code* § 12940(m).

42. As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest.

/ / /

43.     As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional and physical injuries, including, but not limited to, personal injuries, physical trauma, emotional distress, emotional trauma, physical manifestations of emotional distress, humiliation, embarrassment, shame, pain and suffering, personal inconvenience, sickness, illness, *etc.* all to Plaintiff's damages in an amount to be shown according to proof.

44.     The conduct of Defendant in failing to reasonably accommodate Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

45.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which he is entitled to recover pursuant to *Government Code* § 12965.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A PROMPT, GOOD FAITH INTERACTIVE PROCESS

#### (Against All Defendants and DOES 1 – 20)

46.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

47.     At all times relevant to this action, Plaintiff had physical disabilities within the meaning of *Government Code* § 12926(m) and 12926.1, and the California Fair Employment and Housing Act (FEHA), and at all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

/ / /

48.     After learning of Plaintiff's actual or perceived disabilities, Defendant failed to engage in an interactive process with Plaintiff to determine whether Defendant could accommodate Plaintiff's disabilities and/or his requests for reasonable accommodations, including, but not limited to, medical leave, work restrictions and/or other reasonable accommodations which may have resulted from a good faith interactive process had one been had. In failing and refusing to engage in a prompt, good faith interactive process with Plaintiff, or any at all, Defendant violated *Government Code* § 12940(n).

49.     As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest.

50.     As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional and physical injuries, including, but not limited to, personal injuries, physical trauma, emotional distress, emotional trauma, physical manifestations of emotional distress, humiliation, embarrassment, shame, pain and suffering, personal inconvenience, sickness, illness, *etc*. all to Plaintiff's damages in an amount to be shown according to proof.

51.     The conduct of Defendant in failing to engage in an interactive process with Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

52.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which he is entitled to recover pursuant to *Government Code* § 12965.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against All Defendants and DOES 1 – 20)

53.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

54.     At all times relevant to this action, *Government Code* § 12940(h), and the California Fair Employment and Housing Act (FEHA), which prohibits retaliation in the workplace based on one engaging in protected activities, was in full force and effect and was binding upon Defendant.

55.     Plaintiff engaged in protected activities within the meaning of the FEHA, *Government Code* §§ 12940(h) and 12945, including, but not limited to, reporting and disclosing his medical condition(s) and/or disabilities, requesting reasonable accommodations, complaining of not being reasonably accommodated and other protected activities.

56.     Defendant, acting in direct retaliation for Plaintiff engaging in these protected activities, as described above, retaliated against Plaintiff by refusing to reasonably accommodate him, by failing and refusing to engage in a timely, good-faith interactive process with him, by wrongfully terminating him, by refusing to re-hire him and/or by committing other adverse employment actions against her. These adverse employment actions were causally connected to Plaintiff's protected activities and were taken with retaliatory animus.

57.     As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for

COMPLAINT FOR DAMAGES

prejudgment interest.

58.     As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional and physical injuries, including, but not limited to, personal injuries, physical trauma, emotional distress, emotional trauma, physical manifestations of emotional distress, humiliation, embarrassment, shame, pain and suffering, personal inconvenience, sickness, illness, *etc*. all to Plaintiff's damages in an amount to be shown according to proof.

59.     The conduct of Defendant in retaliating against Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

60.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which he is entitled to recover pursuant to *Government Code* § 12965.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TAKE ALL REASONABLE STEPS**

**TO PREVENT AND/OR REMEDY DISCRIMINATION AND/OR RETALIATION**

**(Against All Defendants and DOES 1 – 20)**

61.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

62.     At all times relevant to this action, *Government Code* § 12940(k), and the FEHA was in full force and effect and was binding upon Defendants and each of them.

/ / /

63. In violation of *Government Code* § 12940(k), Defendant failed to take immediate and appropriate corrective action to prevent and remedy the discrimination and/or retaliation to which Plaintiff was subjected to. Specifically, Defendant set forth policies and procedures, and failed to properly train its employees, as to disability discrimination and reasonable accommodations laws, which not only failed to prevent discrimination and/or retaliation in the workplace, but actually created a discriminatory, retaliatory and hostile work environment. Likewise, by retaliating and/or discriminating against Plaintiff due to Plaintiff's actual or perceived disabilities, requests for accommodation, attempts to engage in an interactive process, complaints of not being accommodated and/or other protected activities, Defendant failed to take immediate and appropriate corrective action to prevent and/or remedy the discrimination and retaliation to which Plaintiff was subjected to.

64. At all times, Defendant knew of its legal obligations to maintain legal compliant policies and procedures, knew of its obligations to comply with relevant anti-discrimination and anti-retaliation laws, knew of its obligations to properly train its employees as to employees with disabilities, knew of Plaintiff's disabilities and knew of its legal obligations to reasonably accommodate Plaintiff's disabilities, but disregarded all these duties and, instead, discriminated and retaliated against Plaintiff. Rather than taking reasonable steps to prevent discrimination and retaliation, Defendant continued to discriminate and/or retaliate Plaintiff through the end of Plaintiff's employment.

65. As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional and physical injuries, including, but not limited to, personal injuries, physical trauma, emotional distress, emotional trauma, physical manifestations of emotional distress, humiliation, embarrassment, shame, pain and suffering, personal inconvenience,

sickness, illness, *etc*. all to Plaintiff's damages in an amount to be shown according to proof.

67.     The conduct of Defendant in failing to take all reasonable steps to prevent and/or remedy discrimination and/or retaliation in Plaintiff's workplace subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

68.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which she is entitled to recover pursuant to *Government Code* § 12965.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants and DOES 1-20)

69.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

70.     At all relevant times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants. California law prohibits termination or other adverse employment actions against employees for reasons that violate public policy. Specifically, here, California requires that employers refrain from terminating a person and/or employee for being part of a protected class and/or for engaging in protected activity, including but not limited to those described under the FEHA, *Government Code* § 12940 et seq., and other related statutes and common law. These laws, statutes and their interpretative regulations inure to the benefit of the public at large, and embody fundamental public policy of the State of California and/or the United States.

COMPLAINT FOR DAMAGES

71.     At all times herein mentioned, believing Defendants to be in violation of, including, but not limited to, the FEHA, California *Government Code* §§ 12940 et seq and other sections of California's *Government Code*, and Article I of the California Constitution, among other regulations, statues, codes and/or common law requiring employers to provide safe working environments to their employees, and related criminal, penal and/or civil codes preventing discrimination and/or retaliation, Plaintiff notified Defendant of his disabilities, requested a good faith interactive process, requested reasonable accommodations, complained of not being accommodated and engaged in other protected activities. On the basis of these protected activities and/or his actual or perceived disabilities, Defendant decided to wrongfully terminate Plaintiff in direct contravention of well settled California public policy protecting him from the same.

72.     As a direct and proximate result of Defendant's conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest, all in an amount according to proof.

73.     As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer severe and serious emotional distress and physical injuries, including, but not limited to, emotional trauma, physical manifestations of emotional distress, personal injuries, pain and suffering, personal inconvenience, humiliation, anxiety, depression, embarrassment, loss of enjoyment, sickness and illness, etc. all to Plaintiff's damages in an amount to be shown according to proof.

74.     The conduct of Defendant in wrongfully terminating Plaintiff subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the

application of unlawful, malicious or oppressive policies and procedures. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof at trial.

75. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which he is entitled to recover pursuant to *Code of Civil Procedure* §1021.5.

## SECOND CAUSE OF ACTION

### FAILURE TO RE-HIRE ON ACCOUNT OF DISABILITY

### AND/OR ENGAGEMENT IN PROTECTED ACTIVITIES IN VIOLATION OF FEHA

### (Against All Defendants and DOES 1-20)

76. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

77. At all times relevant to this action, Plaintiff was actually and/or perceived to be disabled. As a direct result, at all times herein, Plaintiff was within the protections of *Government Code* §§ 12940 et seq. and the FEHA.

78. At all times, Plaintiff engaged in protected activities under FEHA, including but not limited to: informing Defendants of his medical condition and disabilities, requesting reasonable accommodations, attempting to engage in an interactive process, complaining of not being reasonably accommodated, complaining of being wrongfully terminated on the basis of his disabilities and other protected activities.

79. At all times mentioned in this complaint, *Government Code* § 12940 et seq. was in full force and effect and was binding on Defendants. These sections required Defendants to refrain from refusing to hire or refusing to re-hire Plaintiff on account of his actual or perceived disabilities, including any perception that he might become disabled or seek reasonable accommodations in the future, and/or her past engagement in protected activities. After being unlawfully terminated and providing Defendants the opportunity to re-hire and/or reinstate him, Defendants refused to re-hire and/or reinstate Plaintiff even though they knew they had wrongfully terminated him and, further, despite knowing that there

existed vacant positions which he was qualified for and which he could have filled at the time and/or in the future, including his own. Thus, at all times, despite being aware of Plaintiff's request to be re-hired and/or reinstated, Defendants refused to hire, reinstate and/or re-hire Plaintiff because of his actual or perceived disabilities and/or his engagement in protected activities in violation of the FEHA and California *Government Code* § 12940 et seq..

80.     As a direct and proximate result of Defendants' conduct, Plaintiffs has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, the exact amount of which is not yet known and will be shown according to proof at the time of trial. Plaintiff also claims such amounts as damages pursuant to *Civil Code* §§ 3287, 3288 and/or any other laws providing for prejudgment interest.

81.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and continues to suffer severe and serious emotional distress and physical injuries, including, but not limited to, emotional trauma, physical manifestations of emotional distress, personal injuries, pain and suffering, personal inconvenience, sickness and illness, all to Plaintiff's damages in an amount to be shown according to proof.

82.     The conduct of Defendants in refusing to hire and/or re-hire Plaintiff subjected her to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendants that Plaintiff would suffer damages in the foreseeable future.  Plaintiff is informed and believes, and based thereon alleges, that Defendants' conduct against Plaintiff was done with an intent to cause injury to Plaintiff.  Moreover, the malicious, fraudulent and/or oppressive conduct was engaged in, authorized or ratified by officers, directors or managing agents of the corporation and/or was the result of the application of unlawful, malicious or oppressive policies and procedures.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to *Government Code* §§ 12965 & 12970.

83.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which she is entitled to recover pursuant to *Government Code* § 12965.

/ / /

-19-

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against all Defendants, including DOES 1-20, as follows:

1. For general damages, in the amount of no less than $10,000,000, according to proof;

2. For special damages, in the amount of no less than $10,000,000, according to proof;

3. For actual, consequential, and incidental damages, in the amount of no less than $5,000,000, according to proof;

4. For past and/or future economic damages, including all past and/or future lost earnings, wages, and/or benefits, in the amount of no less than $10,000,000, according to proof;

5. For past and/or future non-economic damages, including all past and/or future physical injuries, emotional distress, pain, suffering, physical trauma, etc., in the amount of no less than $10,000,000, according to proof;

6. For punitive and exemplary damages in amount necessary to punish Defendants to to deter any future similar unlawful conduct, according to proof;

7. For all declaratory and/or injunctive relief, where appropriate;

8. For prejudgment interest, according to proof;

9. For reasonable attorneys' fees and costs of suit incurred herein through the date of final judgment;

10. For experts' costs and fees incurred herein through the date of final judgment; and

11. For such other and further relief as the Court may deem just and proper.\

Dated: October 11, 2025.

*Gowri Cheepurupalli*

**GOWRI CHEEPURUPALLI, ESQ.**
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
Attorneys for Plaintiff, Dustin Kaplan

COMPLAINT FOR DAMAGES

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Gowri Cheepurualli, Esq. (SBN: 361787) Brennan S. Kahn, Esq. (SBN: 259548)
Employee Justice Legal Group, P.C.,1001 Wilshire Blvd., Los Angeles, CA 90017

TELEPHONE NO.: (213) 382-2222     FAX NO. : (213) 382-2230
EMAIL ADDRESS: gcheepurualli@ejlglaw.com
ATTORNEY FOR *(Name):* Plaintiff, Dustin Kaplan

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

10/14/2025 9:01:13 AM

Clerk of the Superior Court
By M. Schwenke    ,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 1100 Union Street
MAILING ADDRESS: 1100 Union Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Courthouse

CASE NAME:
Dustin Kaplan v. Center Well Home Health

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 25CU055180C |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Seven (7) Disab. Discrim.Fail to Accom,Fail to Engage in Good Faith,Retal. in Viol. of FEHA
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 13, 2025

Gowri Cheepurualli, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)* Gowri Cheepurualli
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W. Broadway <br> MAILING ADDRESS: 330 W. Broadway <br> CITY AND ZIP CODE: San Diego, 92101 <br> BRANCH NAME: Central <br> TELEPHONE NUMBER: 619-450-7074 | |
| PLAINTIFF(S) / PETITIONER(S): Dustin Kaplan | |
| DEFENDANT(S) / RESPONDENT(S): Center Well Home Health Inc | |
| KAPLAN VS CENTER WELL HOME HEALTH INC | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: <br> 25CU055180C |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: BLAINE K. BOWMAN                                Department: C-74

**COMPLAINT/PETITION FILED:** 10/14/2025

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 06/18/2026 | 9:30 AM | C-74 |

---

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 25CU055180C

CASE TITLE: Kaplan vs Center Well Home Health Inc

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CENTER WELL HOME HEALTH, INC., a California Corporation;
HUMANA INC., a Kentucky Corporation; and DOES 1 - 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DUSTIN KAPLAN, an Individual,

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

10/14/2025 9:01:13 AM

Clerk of the Superior Court
By M. Schwenke    ,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. You written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Superior Court of San Diego
*(El nombre y dirección de la corte es):*

Central Courthouse
1100 Union Street, San Diego, California 92101

**CASE NUMBER:**
*(Número del Caso):*

25CU055180C

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gowri Cheepurualli, Esq. (SBN 361787) Brennan S. Kahn, Esq. (SBN 259548)
Employee Justice Legal Group, P.C.
1001 Wilshire Blvd. Los Angeles, CA 90012
Telephone: (213) 382-2222; Fax (213) 382-2230

DATE:
*(Fecha)* October 15, 2025

Clerk, by _M. Schwenke_____, Deputy
*(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W. Broadway |
| MAILING ADDRESS: | 330 W. Broadway |
| CITY AND ZIP CODE: | San Diego, 92101 |
| BRANCH NAME: | Central |

*FOR COURT USE ONLY*

PLAINTIFF(S): Dustin Kaplan

DEFENDANT(S): Center Well Home Health Inc

SHORT TITLE: KAPLAN VS CENTER WELL HOME HEALTH INC

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 25CU055180C |
|---|---|

Judge: BLAINE K. BOWMAN                                    Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*):

- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                                    Date: _____

Name of Plaintiff _____                        Name of Defendant _____

Signature _____                                Signature _____

Name of Plaintiff's Attorney _____             Name of Defendant's Attorney _____

Signature _____                                Signature _____

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/15/2025                                         _____
                                                         JUDGE OF THE SUPERIOR COURT

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

11/18/2025 4:23:19 PM

Clerk of the Superior Court
By G. Escorcia , Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Brennan S. Kahn, Esq. (SBN 259548) Gowri Cheepurupalli (SBN 361787)
Employee Justice Legal Group, PC
1001 Wilshire Blvd., Los Angeles, CA 90017

TELEPHONE NO.: (213) 382-2222      FAX NO. (Optional): (213) 382-2230

EMAIL ADDRESS (Optional): bkahn@ejlglaw.com ; gcheepurupalli@ejlglaw.com

ATTORNEY FOR (Name): Plaintiff, Dustin Kaplan

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081

| PLAINTIFF(S) | JUDGE |
|---|---|
| Dustin Kaplan | Hon. Blaine K. Bowman |
| **DEFENDANT(S)** | **DEPT** |
| CENTER WELL HOME HEALTH, INC., a California Corporation; HUMANA INC. | C-74 |

| **AMENDMENT TO COMPLAINT** | CASE NUMBER |
|---|---|
| | 25CU055180C |

Separate forms are required if attempting to file an amendment under Code of Civil Procedure section 473 and 474. Additionally, only one party may be addressed on each form.

☐ **Amendment under Code of Civil Procedure section 474: Fictitious Name** (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and

having designated defendant in the complaint by the fictitious name of _____

_____,

and having discovered the true name of defendant to be_____

_____,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____                          _____
                                                                                                    Signature

☐ **Amendment under Code of Civil Procedure section 473: Name - Correct or Add** (Court order required)

1. Plaintiff(s) filed the complaint and named ☒ defendant ☐ plaintiff as <u>CENTER WELL HOME HEALTH, INC.,</u>
   <u>a California Corporation</u>

2. Plaintiff(s) discovered the (select one):

   a. ☒ name listed in item 1 to be incorrect, and amends the complaint by substituting the correct name of:
      <u>CENTERWELL CERTIFIED HEALTHCARE CORP, a Georgia Corporation</u> ,
      wherever the name listed in item 1 appears in the complaint.

   b. ☐ name listed in item 1 uses an additional name and amends the complaint by adding the additional name of:
      _____,
      wherever the name listed in item 1 appears in the complaint.

Date: <u>November 12, 2025</u>                          _Gowri Cheepurupalli_
                                                                                                    Signature

**ORDER**

The above amendment to the complaint is allowed.

**IT IS SO ORDERED.**

Date: _11-18-25_                          _____
                                                                      Judge/Commissioner of the Superior Court